THE PEOPLE OF THE STATE OF NEW YORK ex rel. CITY OF BUFFALO, Respondent, against ISIDORE J. MAZUROWSKI et al., as Assessors of the Town of Cheektowaga, Erie County, Appellants.

Argued May 16, 1945; decided July 19, 1945.

*Kenneth W. Kitzinger* for appellants. I. Under subdivision 16 of section 4 of the Tax Law, the exemption, where applicable,

is limited to that portion of the premises constituting the aviation field. II. The Buffalo Municipal Airport was not used as a public aviation field on July 1, 1942. (*Rivet* v. *Burdick*, 255 App. Div. 131, 229 N. Y. 248; *City of Mobile* v. *Lartigue*, 23 Ala. App. 479; *Olcott* v. *Supervisors*, 16 Wall [U. S.] 678.) III. On July 1, 1942, there was no agreement in force, with reference to the Buffalo Municipal Airport, of the kind required by subdivision 16 of section 4 of the Tax Law. The Legislature in insisting on an agreement in order for an exemption to exist, meant an agreement with the tax district wherein the aviation field is located. (*City of Buffalo* v. *County of Erie*, 235 App. Div. 892; *The People* v. *Zeyst*, 23 N. Y. 140; *White* v. *Kingston Motor Car Co.*, 69 Misc. 627; *Stone* v. *Commonwealth Finance Corp.*, 243 N. Y. 528; *Bell* v. *Metz*, 224 App. Div. 377, 250 N. Y. 622; *People ex rel. City of Watertown, N. Y.,* v. *Gilmore*, 166 Misc. 323.)

*Andrew P. Ronan, Corporation Counsel* (*Fred C. Maloney* and *Herbert A. Hickman* of counsel), for respondent. I. The exemption of a " public aviation field " includes the buildings and other structures used in its operation. (*Rivet* v. *Burdick*, 255 App. Div. 131; *Hesse* v. *Rath*, 249 N. Y. 436; *People* v. *Ryan*, 274 N. Y. 149.) II. Within the statute, the Buffalo Municipal Airport was at all times here involved used as a public aviation field. (*People ex rel. City of Watertown, N. Y.,* v. *Gilmore*. 166 Misc. 323; *People* v. *N. Y. C. & H. R. R. R. Co.*, 28 Hun 543; *People ex rel. N. Y. C. R. R. Co.* v. *Pub. Serv. Comm.*, 193 App. Div. 322; *Saunders, et al.,* v. *N. Y. C. & H. R. R. R. Co.*, 144 N. Y. 75; *Elmhurst Fire Co.* v. *City of New York*, 213 N. Y. 87; *People ex. rel. Mayor, etc., of N. Y.* v. *Assessors*, 111 N. Y. 505; *Commissioner of Internal Revenue* v. *Ten Eyck*, 76 F. 2d 515; *N. Y. ex rel. Rogers* v. *Graves*, 299 U. S. 401.) III. The receipt of rentals does not remove the airport from a public use. (*Commissioner of Internal Revenue* v. *Ten Eyck*, 76 F. 2d 515.) IV. The premises were on July 1, 1942, under agreement with the city, used for a public aviation field and were exempt from taxation. (*Cooper-Snell Co.* v. *State of New York*, 230 N. Y. 249; *City of Buffalo* v. *County of Erie*, 235 App. Div. 892; *People ex rel. City of Watertown, N. Y.,* v. *Gilmore*, 166 Misc. 323; *People ex rel. Met. St. Ry. Co.* v. *Tax*

*Comrs.*, 174 N. Y. 417; *Tootle Theatre Co.* v. *Shubert Theatrical Co.*, 175 App. Div. 530; *Dollard* v. *Roberts*, 130 N. Y. 269; *Zolezzi* v. *Bruce-Brown*, 243 N. Y. 490.)

LOUGHRAN, J. The City of Buffalo is the owner of 538 acres of land within the limits of the Town of Cheektowaga in Erie County. This property is used as an airport. Whether the town can levy taxes thereon is the issue to be determined. Everything turns on the following provision of the Tax Law: " Real property of a municipal corporation not within the corporation which under agreement with the corporation is used for a public park, public aviation field or highway shall be exempt from taxation while so used." (§ 4, subd. 16.)

In that context, ". municipal corporation " manifestly means a municipal corporate owner of real property located outside its own corporate boundaries. Our task is to ascertain the import of the requirement that in order to be exempt from taxation such property must be used for a public park, public aviation field or highway " under agreement with the corporation ".

Under various contracts with the City of Buffalo, parts of its airport have long been used for aeronautical purposes by a number of private corporations. In the courts below, each of these contracts was deemed to be an " agreement " within the sense of that word of the statute, and on that basis the property was declared to be tax free. We cannot agree to that disposition of the matter.

Though the text is pretty blind, we have no hesitation in saying that " public " is the key-word of the statute. From that viewpoint, the agreement spoken of therein does not mean a stipulation that would bind the municipal corporate owner to some individual contractor. For there was no reason why the concurrence of any private person should have been regarded by the Legislature as a necessary adjunct to the essentially municipal function of maintaining parks, highways and similar places for use by the community at large.* On the other hand,

---

* The original text of the statute was as follows: " Real property of a municipal corporation not within the corporation which under agreement with the corporation is used for a public park or highway shall be exempt from taxation while so used." (L. 1924, ch. 595). The words " public aviation field " were inserted by chapter 673 of the Laws of 1926.

there is every reason why a public use of land should be subject to a fair degree of control by the civil authorities of the locality wherein the land is situate. An adjustment to that end is, we think, the " agreement " that is contemplated by the statute. No such understanding has been reached by the City of Buffalo and the Town of Cheektowaga in this instance. It follows that the City's airport is not exempt from assessment by the town for the purposes of taxation.

The orders should be reversed, with costs in all courts, and the matter remitted to the Special Term for further proceedings not inconsistent with this opinion.

LEHMAN, Ch. J., CONWAY, DESMOND and DYE, JJ., concur; LEWIS and THACHER, JJ., dissent.

Orders reversed, etc.